IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIUS WATKINS, | ) | CASE NO. 1:12 CV 2357 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Julius Watkins under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for supplemental security income benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties

---

[1] ECF # 15. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 10.

[4] ECF # 11.

[5] ECF # 5.

[6] ECF # 13.

have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10] As explained below, the exchange between the Court and counsel at that argument proved most helpful in bringing the issue to be decided into sharper focus and identifying the relevant evidence in the transcript.

For the reasons that follow, the decision of the Commissioner will be reversed and remanded for further proceedings.

## Facts

### A.     Background facts and decision of the Administrative Law Judge ("ALJ")

Watkins, 49 years old at the time of the application but 50 years old at the time of the ALJ's decision,[11] has a GED education and previously worked at unskilled jobs such as sorting refuse and sweeping.[12] His prior employment ceased in 2009 upon his incarceration.[13] He previously applied for SSI benefits, but the Commissioner found him not disabled in

---

[7] ECF # 19 (Commissioner's brief); ECF # 16 (Watkins's brief).

[8] ECF # 19-1 (Commissioner's charts); ECF # 16-1 (Watkins's charts).

[9] ECF # 12 (Watkins's fact sheet).

[10] ECF #s 24 and 25 (transcript of the oral argument of November 15, 2013).

[11] Transcript ("Tr.") at 18.

[12] *Id.* at 31, 166-67.

[13] *Id.* at 174. Watkins was previously incarcerated in 1997. *See*, *id.* at 16.

2008.[14] Watkins filed the present application in 2009, contending that new evidence shows that an allegedly prior rotator cuff injury and back condition had worsened, rendering him disabled and entitled to benefits.[15]

The ALJ, whose decision became the final decision of the Commissioner, found at step two that Watkins had the following severe impairments: pain in the right rotator cuff, degenerative changes in the lumbar spine with mild spurring, and obesity.[16]

After concluding at step three of the sequential analysis that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Watkins's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that Mr. Watkins has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can never climb ladders, ropes and scaffolds and can only occasionally climb ramps and stairs. He can occasionally stoop and crouch, but never kneel or crawl. He can frequently perform bilateral manipulations, including reaching, manipulating and fingering. Mr. Watkins cannot work around unprotected heights.[17]

---

[14] *Id.* at 12.

[15] *Id.* at 12.

[16] *Id.* at 15.

[17] *Id.* at 16.

The ALJ decided that this RFC precluded Watkins from performing his past relevant work.[18]

Moreover, and of significance here, this RFC for essentially light work is less restrictive than

the 2008 RFC, which was for sedentary work with exceptions.[19]

Based on an answer to a hypothetical question posed to the vocational expert at the

hearing setting forth the RFC finding quoted above, the ALJ determined that a significant

number of jobs existed locally and nationally that Watkins could perform.[20] The ALJ,

therefore, found Watkins not under a disability.[21] The application for supplemental security

income benefits was thus denied.

**B.     Issues on judicial review**

Watkins asks for reversal of the Commissioner's decision on the ground that it does

not have the support of substantial evidence in the administrative record. Specifically,

Watkins argues that the rule of *res judicata* as adopted by the Sixth Circuit in *Drummond v.*

*Commissioner of Social Security*[22] required the ALJ here to adopt the RFC finding of the ALJ

in the ruling dated July 24, 2008.[23]

---

[18] *Id.* at 18.

[19] *See*, ECF # 19 at 4 (citing transcript). The ALJ acknowledged the decision on the earlier SSI application but decided not to adopt its RFC finding under the doctrine of *res judicata*. Tr. at 12.

[20] *Id.* at 19.

[21] *Id.*

[22] *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997).

[23] ECF # 16 at 1, ECF # 12 at 1.

I characterized that issue on the record of the argument in this case as "whether or not new evidence, after the decision on the first application justifies not adopting the RFC found by the ALJ on the first application, and instead, a new RFC as found by the ALJ in this ... second application."[24] Both counsel agreed to my characterization of the issue.[25]

Although the ALJ denied Watkins's first application, in doing so he adopted an RFC providing for sedentary work.[26] Counsel also agreed on the record here that under that same RFC Watkins would "grid out" in the second application given his age at the time of the second decision.[27]

## Analysis

### A.    Standards of review

### 1.    *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by

---

[24] ECF # 25 at 3.

[25] *Id.*

[26] Tr. at 54 (the ALJ's July 24, 2008, decision on the first application for SSI).

[27] ECF # 25 at 3-4.

-5-

this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[28]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[29] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[30]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.     *Res judicata***

"Prior findings and determinations" made in previous decisions control in any subsequent hearing "unless there is new and material evidence or a showing of 'changed conditions.'"[31] As *Drummond v. Commissioner of Social Security* provides, it is the burden of the party seeking to escape the *res judicata* effect of the previous findings to introduce

---

[28] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[29] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[30] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[31] *Drummond*, 126 F.3d 837.

substantial evidence of the changed conditions.[32] Indeed, application of *res judicata* in the context of social security proceedings means that a prior finding by the Commissioner is presumed to remain true in a subsequent hearing, with that presumption subject to rebuttal by new material evidence of changed conditions.[33] Significantly, as Magistrate Judge Limbert pointed out in *Senanefes v. Astrue*,[34] the issue of the establishment of a change of conditions that will overcome the *res judicata* attaching to any prior RFC finding is a separate issue from the matter of what evidence is needed to support a new RFC finding.[35] The party seeking to avoid the application of *res judicata* and show changed circumstances must introduce substantial evidence of that change to overcome the presumption in favor of that application.[36] The burden here, therefore, rests with the Commissioner.

**B.    Application of standards – Substantial evidence does not support the decision of the ALJ that new and material evidence overcame the presumption in favor of the application of *res judicata*.**

This case presents the somewhat unusual circumstance of a claimant seeking to invoke *res judicata* to obtain the benefit of a prior, more favorable RFC finding adopted in a

---

[32] *Id.* at 842.

[33] *Graham v. Astrue*, No. CV 09-06046-SS, 2010 WL 1875669, at *8 (C.D. Cal. May 10, 2010).

[34] *Senanefes v. Astrue*, No. 4:10-CV-2157, 2012 WL 2576399 (N.D. Ohio July 3, 2012).

[35] *Id.*, at *5.

[36] *Munford v. Comm'r of Soc. Sec.*, No. 1:12-CV-2915, 2013 WL 4875073 (N.D. Ohio Sept. 11, 2013) (report and recommendation (ECF # 27) issued Aug. 8, 2013), citing *Drummond*, 126 F.3d at 842.

decision denying benefits on an earlier application.[37] Further, here the Commissioner dismisses the opinions of state agency reviewing physicians adopting the RFC finding in the earlier decision, also a departure from the norm.[38]

As counsel acknowledged at the oral argument, the decision on judicial review turns on whether the Commissioner established by new and material evidence that Watkins's condition had improved since the prior RFC.[39] In that regard, and as noted above, the prior finding is presumed valid, subject to rebuttal by substantial new and material evidence.[40]

Here, two recognized, severe impairments are at issue – the left shoulder and degenerative changes to the lumbar spine.[41]

As to the left shoulder, the Commissioner argues that the transcript after the decision on the first application contains nothing about the left shoulder.[42] Based on the absence of this evidence, the Commissioner urges, the ALJ properly concluded that the left shoulder problem had cleared up.[43] But this absence of evidence cannot serve as the equivalent of new and material substantial evidence sufficient to overcome the *res judicata* presumption.

---

[37] ECF # 25 at 13.

[38] *Id.*

[39] *Id.* at 4.

[40] *Id.*

[41] *Id.* at 4-6.

[42] *Id.* at 5, 10.

[43] *Id.* at 10.

This question of a shoulder impairment and a limitation therefrom is complicated by new evidence of an injury to the right shoulder rotator cuff. The ALJ recognized "pain in the right rotator cuff" as a new, severe impairment.[44] The transcript contains treatment notes for injury to and pain of the right shoulder that makes reference to the injury occurring while lifting a heavy bed.[45] Although the ALJ's analysis of this evidence as insufficient to support new limitations for the right shoulder injury may be sustainable, it does not overcome the presumption as to the left shoulder for purposes of the application of *res judicata*.

As for the spine impairment, the Commissioner references a lumbar CT scan done after the decision on the first application showing "mild degenerative changes."[46] But, as Watkins argues, the ALJ on the first application found the impairment to the spine severe enough to impose sedentary limitations as to standing and walking,[47] and the transcript contains no studies to compare the lumbar spine impairment before and after the first application.[48] Watkins did not undergo surgery after the decision on the first application; there exists no medical basis to infer that the back impairment improved.[49]

---

[44] Tr. at 15.

[45] *Id.* at 298, 319.

[46] *Id.* at 351, referenced at ECF # 25 at 10-11.

[47] ECF # 25 at 6.

[48] *Id.* at 7.

[49] *Id.*

Furthermore, it is not accurate to state, even in layman's terms, that the CT scan shows only mild degenerative changes. The report refers to mild end-plate spurring.[50] Otherwise, the report notes "degenerative changes at essentially every level.[51] This report, alone, does not overcome the presumption in favor of the application of *res judicata*.

In addition, no new medical opinions describe any medical improvement. In fact, all three state agency reviewing physicians concluded for purposes of the second application that the largely sedentary RFC from the 2008 denial should be adopted here.[52] The ALJ gives these opinions little weight because of the absence of reports about the left shoulder and "evidence of medical improvement" throughout the opinion.[53]

Although this articulation may suffice on an application unburdened by the presumption in favor of *res judicata* applicable here, it is not adequate in the current context. These physicians gave expressed opinions in favor of the adoption of the RFC in the earlier decision under the rule in *Drummond*.[54] As 20 C.F.R. § 416.928(e)(2)(ii) provides, in the absence of an opinion of a treating source given controlling weight, the ALJ "must explain in the decision the weight given to the opinion of a state agency medical ... physician ... as

---

[50] Tr. at 351.

[51] *Id.*

[52] *Id.* at 284, 309, 332.

[53] *Id.* at 18.

[54] *Id.* at 284, 309.

the administrative law judge must do for any opinions from treating sources" or other acceptable medical sources.

Here the transcript contains no opinion of a treating source. The ALJ must, therefore, explain the weight given the opinions on the state agency reviewing physicians in terms of the same standards that apply to acceptable medical sources. The ALJ here did not weigh these opinions through the analytical framework of *res judicata*, wherein the Commissioner, not the claimant, has the burden to show a change of condition based on new and material evidence. The case must be remanded for such weighing and articulation.

## Conclusion

For the reasons stated above, the decision of the Commissioner denying Watkins's application for supplemental security income is reversed and the case remanded for reconsideration of the decision not to adopt the RFC on Watkins's first application under *res judicata* after proper analysis, weighing, and articulation as to the opinions of the state agency reviewing physicians.

IT IS SO ORDERED.

Dated: December 11, 2013                              s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

-11-